IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**LORI SANGER,**

    Plaintiff,

v.

**ALBERTSON'S, LLC,** a foreign limited liability Company d.b.a. Albertson's,

    Defendant.

Case No. 1:14-cv-01294-CL

**ORDER**

CLARKE, Magistrate Judge.

Defendant objects to a number of Plaintiff's pretrial offerings on the basis that she failed to make prior disclosures required under the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure promote the integrity and fairness of the judicial process. They deserve compliance and respect. I directed the parties to reference the Rules in two separate court orders (#2, #5). In doing so, I explained that their ultimate goal should be "the just, speedy, and inexpensive determination of the action."

I do not take my rulings on Defendant's objections lightly. I understand that they will likely make it more difficult for Plaintiff to present her case. However, given Plaintiff's non-

compliance and the undisputed prejudice Defendant would face if these items were allowed into evidence, the Rules compel the following exclusions. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (calling Rule 37(c)(1) a self-executing, automatic sanction designed to strongly induce compliance with disclosure requirements).

## I. Defendant's Objection to Plaintiff's Expert Witness

Plaintiff proposes to call Richard James, M.D. as an expert witness. Defendant objects on the grounds that Plaintiff failed to make required disclosures about Dr. James' opinions and qualifications. Under Rule 26(a)(2), a party who retains an expert witness must provide the adverse party with a written report, prepared and signed by the expert witness, at least 90 days before trial. The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B).

To date, Plaintiff has not provided Defendant with an expert report. Where a party fails to provide an expert report required by Rule 26(a), that party may not use the related expert witness at trial unless it establishes that its failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1); *Goodman*, 644 F.3d at 826. Plaintiff has not filed a response to Defendant's objection, much less submitted any evidence that mitigates her omission. Accordingly, Dr. James may not testify as an expert. Defendant's objection is sustained.

/ / /

## II. Defendant's Objection to Plaintiff's Exhibit 1

Defendant objects to Plaintiff's proposed Exhibit 1, which is a log of medical bills. Plaintiff failed to provide some of these bills to Defendant during discovery despite Defendant's request. Under Rule 37(c)(1), if a party fails to supplement or correct an incomplete response to a discovery request, "the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." There is no valid justification for Plaintiff's omission. It would be prejudicial to allow Plaintiff to rely on evidence that Defendant has not had the opportunity to consider or investigate. Accordingly, Plaintiff is foreclosed from producing the omitted bills at trial. FED. R. CIV. P. 37(c)(1).

Defendant also objects to the remainder of the log's contents on the grounds that it lacks a proper foundation. I will defer ruling on this objection until trial.

## III. Defendant's Objection to Plaintiff's Exhibit 14

Finally, Defendant objects to pages 36 and onward of Plaintiff's proposed Exhibit 14 because Plaintiff did not provide them to Defendant despite its relevant discovery request. I find that Plaintiff's untimely disclosure was not substantially justified or harmless. As such, Rule 37(c)(1) forbids the use of these pages at trial.

It is so ORDERED and DATED this _____ day of October 2015.

MARK D. CLARKE
United States Magistrate Judge